IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| JOHN DOE SUBSCRIBER | : | No. 2:13-cv-07572 |
| IP ADDRESS 69.253.49.178, | : | |
| | : | |
| Defendant. | : | |

# O R D E R

AND NOW, this 16th day of January 2014, upon consideration of Plaintiff's Motion for Leave to Serve Third-Party Subpoena (Doc. No. 4), it is hereby ORDERED that the motion is GRANTED. It is further ORDERED as follows:

1. Plaintiff may serve Comcast Cable ("Comcast" or the "ISP") with a Rule 45 subpoena commanding Comcast to provide Plaintiff with the true name, address, telephone number, and e-mail address of Defendant, to whom Comcast assigned the IP address 69.253.49.178.

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any other service provider that is identified in response to a subpoena as a provider of internet services to Defendant.

3. Plaintiff shall attach to each subpoena a copy of this Order and of the Court-Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order.

4. The Rule 45 subpoena must instruct the ISP to provide a copy of the Court-Directed Notice to Defendant within seven (7) days of service of the subpoena. The ISP shall fill in the "date of this notice" blank on the Court-Directed Notice with the date it provides a copy of the Court-Directed Notice to Defendant.

5. Any ISP served with a subpoena is directed to refrain from releasing Defendant's identifying information for a period of twenty-one (21) days after the ISP has sent the Court-Directed Notice to Defendant. Defendant has twenty-one (21) days from the date of notice to file a motion objecting to the subpoena.

6. If either Defendant or an ISP files a motion challenging the subpoena, an ISP possessing information regarding that ISP or Defendant shall not provide any

       information to Plaintiff or its attorneys without the issuance of a court order directing the ISP to produce the requested discovery.

7. Any further notices to Defendant must be approved by this Court.

8. A subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers. If necessary, this Court shall resolve any disputes between an ISP and Plaintiff regarding the reasonableness of the amount the ISP proposes to charge, after Plaintiff is provided the subpoenaed information.

9. Any motion by a putative defendant filed before its identity is disclosed MUST identify the putative defendant's IP address or Doe number.

10. Any information produced in response to any subpoena issued under this order shall be used for no other purpose than to litigate the present action.

                                                    BY THE COURT:

                                                    /s Legrome D. Davis

                                                    Legrome D. Davis, J.

**COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA**

**A subpoena has been issued directing _____, your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because you are being sued in the United States District Court for the Eastern District of Pennsylvania in Philadelphia, PA by Malibu Media, LLC ("Plaintiff")**. You have been sued for using the Internet and the BitTorrent protocol to infringe copyrights. The Plaintiff has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice serves to inform you of some of your rights.

**YOUR NAME HAS NOT BEEN DISCLOSED. YOUR NAME *WILL BE* DISCLOSED IN TWENTY-ONE (21) DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.**

Your name has not yet been disclosed. The Plaintiff has given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but you can attempt to challenge your ISP's ability to reveal that information. You can challenge the subpoena in Court. **You have twenty-one (21) days from _____, the date of this notice, to file a motion to quash or vacate the subpoena.** If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the Plaintiff cannot proceed against you until you are identified). You may use the resource list below to locate an attorney to help you determine how to respond to the subpoena. Failure to file a motion to quash at the end of the 21-day period will allow your ISP to send the Plaintiff your identification information.

**RESOURCE LIST**

The organizations listed below provide guidance on how to find an attorney.

American Bar Association:     http://www.abanet.org

Pennsylvania Bar Association: http://www.pabar.org; Lawyer referral service: (800) 692-7375 or (717) 238-6807.

Philadelphia Bar Association:  http://www.philabar.org; Lawyer referral service: (215) 238-6333.